[Civ. No. 275. Second Appellate District.—September 15, 1906.]

HENRY BIESCAR, Appellant, v. T. H. PRATT, Respondent.

SALES—BUSINESS AT INVOICE PRICES—NOTICE OF RESCISSION FOR MISREPRESENTATIONS—ACQUIESCENCE—RESALE AT INCREASED PRICE—ACTION UPON DRAFT DEPOSITED.—Upon the sale of a business at invoice prices, upon which a deposit was made by the vendees of cash and a draft, under a contract providing for forfeiture thereof, if the full purchase price was not paid, where the vendees gave notice of rescission of the sale for fraudulent misrepresen-

tations, and demanded return of the deposit, which was refused, the vendor, by subsequently reselling the stock at prices greater than that agreed to be paid, acquiesced in the rescission, and cannot thereafter maintain an action upon the draft against the first vendees.

ID.—VOID PROVISION FOR FORFEITURE—LIQUIDATED DAMAGES.—A provision in a contract for the sale of personal property for the forfeiture of a deposit, if the purchase money is not paid, is void as being an attempt to liquidate damages in an unauthorized case.

ID.—REMEDIES OF VENDOR OF PERSONAL PROPERTY.—The remedies of the vendor of personal property are clearly defined in section 3311 of the Civil Code, and in recognized authorities, and do not include the right to resell the goods at an advanced price, and to retain the purchase money paid on the contract, either as liquidated damages under section 1670 of that code, or on any other ground.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial.   W. P. James, Judge.

The facts are stated in the opinion of the court.

Milton K. Young, for Appellant.

Frank James, for Respondent.

SMITH, J.—Appeals from a judgment for the defendant, and an order denying the plaintiff's motion for a new trial. This is a suit by the indorsee against the indorser of a draft on a New York bank, the payment of which was refused by the bank under the defendant's instructions.

The case, as shown by the answer and findings, is: The plaintiff, by written contract of date December 26, 1903, agreed with the defendant and one Bassett to sell them "the business consisting of stock, hardware and fixtures now in building" described in the agreement, at invoice prices, etc.; and the draft sued upon constituted a part of "the deposit of $500" made by the vendees to the vendor; and which, it is provided, should "be forfeited by them to said first party" in the event of failure of the second parties to pay the balance of the purchase price.   The defendant and his covendee, on account of certain alleged misrepresentations of the plaintiff as to the aggregate value of the property and certain other

matters alleged in the answer, refused to proceed with the contract; and on the eleventh day of January, 1904, attempted to rescind the contract, notifying the plaintiff thereof and demanding the repayment of the cash deposit and the surrender of the draft. The plaintiff refused to comply with this demand; but, it is alleged and found, continued to carry on the business, "and has sold much of the said stock of goods therein . . . and has received the price therefor and made a profit thereon"; and finally, it is found, shortly after the commencement of this suit, sold the whole of the stock of goods and fixtures "for a price in excess of the invoice price, or amount agreed to be paid therefor" (by defendant and his partner). This finding is attacked by appellant as not supported by the evidence, but we think without grounds. It is further found "that plaintiff has not been damaged or injured by any act of the defendant, or at all." The court below was of the opinion: (1) That the plaintiff by continuing to carry on the business and to sell the stock, and by finally selling the stock previously unsold for a larger price than the sum agreed upon, acquiesced in the rescission of the contract and thus became liable to return the deposit; and (2) that the provision as to forfeiture of the deposit was "void as being an attempt to liquidate damages in an unauthorized case."

In this opinion of the court we concur. The remedies of the vendor in a case of this kind are clearly defined. (Civ. Code, sec. 3311; *Gay* v. *Dare,* 103 Cal. 458, [37 Pac. 466]; 2 Benjamin on Sales, sec. 1117, and note.) They do not include the right to sell the goods at an advanced price and to retain the purchase money paid on the contract, either as liquidated damages (Civ. Code, sec. 1670), or on any other ground. The appellant claims the contrary and cites in support of his contention the decision in *Glock* v. *Howard and Wilson Colony Co.,* 123 Cal. 1, [69 Am. St. Rep. 17, 55 Pac. 713]. But the contract there involved was for the sale of real estate and contained a provision that time should be of the essence of the contract. To such cases it was held on the authorities cited that a peculiar rule applied. It has no application to such an agreement as here involved to sell personal property.

It is also objected that upon the principle of the decision of the court below defendant was entitled to a return of the

cash deposit. This, we think, was the case;.but the error is one that the plaintiff cannot complain of.

The judgment and order appealed from are affirmed.

Gray, P. J., and Allen, J., concurred.